UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALBERT SHARIER, | ) | CASE NO. 5:16-cv-343 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| TOP OF THE VIADUCT, LLC, et. al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice, which seeks the Court's approval of a settlement agreement between plaintiffs and defendants resolving plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.01 *et seq*., and Ohio Prompt Pay Act, Ohio Rev. Code § 4113.15, (collectively, "Ohio Wage Acts"), for payment of overtime wages. (Doc. No. 27 ["Mot."].) The motion is supported by the declaration of plaintiffs' counsel, Jason Brown (Doc. No. 27-2 ["Brown Dec."]), and a copy of the parties' stipulated settlement appended to the motion (Doc. No. 27-1 ["Settlement"]). Subject to the Court's approval of the settlement, the parties stipulate to the dismissal of this case with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(ii). (Mot. ¶ 8.)

For the reasons that follow, the parties' joint motion is granted and the settlement is approved.

### A. Background

In this collective action, plaintiff Albert Sharier ("Sharier") brought suit against defendants Top of the Viaduct, LLC (dba Top of the Viaduct Restaurant) and Beth Brown, on behalf of himself and others similarly situated, for the payment of proper wages for overtime allegedly worked. (Doc. No. 1 ["Compl."].) The case was conditionally certified by the Court as a collective action, and notices were issued in accordance with a protocol approved by the Court. (Doc. No. 20.) Two opt-in plaintiffs joined the case—Charles Maynard, Jr. ("Maynard") and Jeremiah Knight ("Knight"). (*See* Doc. Nos. 22 and 23.) Defendants dispute plaintiffs' allegations regarding whether and how much overtime plaintiffs allegedly worked, and when plaintiffs were employed by defendants.

### B. Discussion

#### 1. Standard of Review

Under 29 U.S.C. § 216(b), an employee can sue on his own behalf, as well as on behalf of others, as in this case. The central purpose of the FLSA is to protect covered employees from labor conditions that are detrimental to maintaining a minimum standard of living necessary for the health and well-being of the workers. *Crawford v. Lexington–Fayette Urban County Gov.*, Civil Action No. 06–299–JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008) (quoting 29 U.S.C. § 202) (further citation omitted). Public policy requires that the employee rights guaranteed by the FLSA are not compromised by settlement of a dispute alleging violation of those rights. *Id.*

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn*

*Sav. Bank v. O'Neil*, 324 U.S. 697, 704–08, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods*, 679 F.2d at 1353. The second exception, applicable here, encompasses instances where the federal district court approves the settlement of a suit brought in federal court pursuant to 29 U.S.C. § 216(b). *Id.* (citing *Schulte, Inc. v. Gangi,* 328 U.S. 108, 113 n. 8, 66 S. Ct. 925, 90 L. Ed. 1114 (1946)).

When reviewing a settlement of plaintiffs' FLSA claims, the federal district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (alteration in original) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3).

The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery engaged in, the likelihood of success on the merits, and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)) (further citation omitted). "The Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh

particular factors according to the demands of the case." *Id.* (quoting *Redington v. Goodyear Tire & Rubber Co.*, No. 5:07CV1999, 2008 WL 3981461, at *11 (N.D. Ohio Aug. 22, 2008) (citation omitted)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). "A reasonable fee is one that is adequate to attract competent counsel, but ... [does] not produce windfalls to attorneys." *Id.* (quoting *Blum*, 465 U.S. at 897) (internal quotation marks and further citations omitted).

### 2. Analysis

In this case, Sharier maintains that he and others similarly situated are hourly nonexempt employees who worked in excess of forty (40) hours a week and were not paid by defendants for all of the overtime hours worked. (Compl. ¶¶ 1, 62.) Sharier further claims that defendants willfully and intentionally violated the FLSA and Ohio Wage Acts. (*Id.* ¶¶ 4-5, 63-64.) Defendants deny that they violated any provision of the FLSA. (*See* Doc. No. 11 ["Answer"].)

The Court finds that the instant action represents a bona fide dispute. The parties' divergent views of the facts would have required judicial resolution had the parties not been able to compromise their differences, and causes the Court to conclude that the settlement was an arms-length negotiation between parties represented by competent counsel, and not the result of fraud or collusion.

The Court has reviewed the settlement agreement and finds that the settlement terms are a fair and reasonable resolution of the parties' bona fide dispute. Further, the Court concludes that the award of attorney fees to plaintiffs' counsel is reasonable given that this case was resolved

before fees and expenses associated with discovery, motion practice, and possibly a trial, were incurred. While the Court is not in a position to assess the likelihood of success on the merits because of the early stage at which this case has been resolved, the Court concludes that all of the other relevant factors weigh in favor of approving the settlement.

**C. Conclusion**

For the foregoing reasons, the parties' joint motion is granted, and the Court approves the settlement agreement.

Further, the Court approves the parties' stipulated dismissal of this case with prejudice pursuant to Rule 41(a)(1(ii), and, subject to the terms of the settlement agreement, each party agrees to bear their own attorneys' fees and costs. At the parties' request, the Court retains jurisdiction to enforce the settlement agreement. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994).

This case is dismissed and closed.

**IT IS SO ORDERED**.

Dated: March 13, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**